UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
HENRY MOORE, as Legal Guardian of and
on behalf of his son RASHEEN MOORE,

                Plaintiff,
        -against-

THE CITY OF SYRACUSE, POLICE OFFICER
J JOHNSON SHIELD#0408, POLICE OFFICER S.
MEHLEK SHEILD#0549 and UNIDENTIFIED
SYRACUSE POLICE OFFICERS,
all sued herein in their capacity as individuals.

                Defendants
--------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.: 5:18-CV-0379 (GLS/ATB)

     Plaintiff Henry Moore, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

2. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern District of New York because events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

### PARTIES

3. At all times relevant, plaintiff HENRY MOORE, was a resident of the City of Syracuse, Onondaga County in the State of New York and he is an African-American male and he is the parent and legal guardian of his son Rasheen Moore..

1

4. At all times relevant, plaintiff's son Rasheen Moore (who is no longer a minor, but who was at the time of the incident) is a Special Education student with an IQ of 42 in Syracuse High School and he is an African-American male and he is plaintiff Henry Moore's son.

5. Upon information and belief, at all times hereinafter mentioned, the CITY OF SYRACUSE was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, Syracuse, its agents, servants and employees operated, maintained and controlled the Syracuse Police Department (SPD), including all the police officers thereof.

7. Upon information and belief, at all times hereinafter mentioned, defendants J JOHNSON, POLICE OFFICER S. MEHLEK and UNIDENTIFIED SYRACUSE POLICE OFFICERS, were employed by Syracuse, as members of its police department and they are sued herein in their capacity as individuals.

8. Defendants were at all times relevant duly appointed and acting as employees of the SPD and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

9. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

10. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

**FACTS UNDERLYING**

## PLAINTIFF'S CLAIMS FOR RELIEF

11. On the morning of March 30, 2016, at Syracuse High School, plaintiff's infant Rasheen Moore arrived to his special education classroom with his cell phone.

12. At the time, there was a newly assigned special education teacher and plaintiff's infant was a student of hers since the end of January 2016.

13. The new teacher asked Rasheen Moore to put his phone away.

14. Upon information and belief, when plaintiff's infant did not comply, the teacher smashed his cell phone.

15. The teacher alleges that Rasheen Moore became violent.

16. Police were called to the scene to arrest Rasheen Moore, however, the school did not mention to the police that he was a special education student with an IQ of 42.

17. Defendants Police Officers J. Johnson and S. Mehlek handcuffed Rasheen Moore and threw him in the back of a police van.

18. In the van, one of the defendants pulled out a gun and put it to Rasheen's chest and said oh you think you're tough.

19. Rasheen Moore reacted by saying get the fuck off me.

20. Defendants reacted by punching him.

21. Rasheen Moore's hands were still cuffed and so he could not protect his body.

22. Defendants then proceeded to escort Rasheen to the Onondaga Justice Center.

23. Under police custody, with handcuffs still on, upon information and belief approximately four officers assaulted plaintiff's infant again.

24. Plaintiff's infant received injuries, including, but not limited to his mouth and his head.

25. Defendants J. Johnson and S. Mehlek along with other Unidentified Police Officers punched and kicked Rasheen in the face, stomach and back and upon information and belief, the defendants kneed Rasheen Moore in the ribs and other parts of his body.

26. The pain from the beating was so bad that Rasheen Moore passed out and he woke up in the jail hospital bed.

27. While Rasheen Moore was being beaten, officers including but not limited to Police Officer J. Johnson and S. Mehlek and other Unidentified Police Officers did nothing to stop the abuse from occurring, although they had a reasonable opportunity to do so.

28. Rasheen Moore incurred injuries to his stomach, ribs and face and he was bruised, cut and he had severe swelling to the left side of his face and head.

29. Mr. Henry Moore tried to visit his son three times that day.

30. Henry Moore spoke to a supervising officer, upon information and belief, a Sergeant or Lieutenant in the Justice Center and he told the supervisor that his son has an IQ of 42 and is disabled however he was still not allowed to see his son.

31. A couple of months later, Henry Moore spoke to Internal Affairs.

32. As a direct result of Rasheen Moore's encounter with the defendants, plaintiff's infant was subjected to unreasonable and excessive force that caused lumps in his head, bruised back, caused him to lose consciousness, necessitated his being treated in a hospital and caused him various other physical and emotional harms.

33. Plaintiff's infant has been terrified of the police since the incident.

34. As a result, plaintiff's infant had to see his regular doctors and spoke to his church's pastor.

## FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
## <u>TO THE UNITED STATES CONSTITUTION</u>

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

36. Mr. Moore's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, via his being subjected to excessive and unreasonable force.

37. The defendants beat plaintiff's infant unnecessarily and maliciously without the need to use any force, much less the excessive, gratuitous force employed.

38. As a direct consequence of defendants' actions, plaintiff's infant was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, and more particularly, his right to be free from the use of excessive and unreasonable force.

39. The SPD has a history of excessive violence against members of Syracuse's minority communities and upon information and belief, the violence against plaintiff's infant, occurred in part due to his being an African American.

40. The individual defendants' acts caused plaintiff's infant to sustain physical injuries, pain and suffering, emotional harms and he was otherwise harmed.

41. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $1,000,000.00 (ONE MILLION) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of

attorneys' fees and costs pursuant to 42 USC §1988.

## SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH
## AMENDMENT TO THE UNITED STATES CONSTITUTION

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

43. Plaintiff's infant was subjected to the use and unnecessarily continued use of excessive and unnecessary force due to the defendant officers' failure in their affirmative duty to intervene to prevent the violation of the cognitively challenged infant's Fourth Amendment rights.

44. The defendants had a reasonable opportunity to intervene to prevent both the beating and further beating of the plaintiff's infant which was happening in their presence.

45. The individual defendants' acts caused plaintiff's infant to sustain physical injuries, pain and suffering, emotional harms and he was otherwise harmed.

46. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $1,000,000.00 (ONE MILLION) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT SYRACUSE
## i.e., MONELL CLAIM

47. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

48. Syracuse is liable to the plaintiff for having violated plaintiff's infant's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, more specifically his rights to be free from the use of excessive and unreasonable force and his right not to be treated

differently and worse due to his race.

49. As a matter of *de facto* policy, Syracuse tolerates members of the SPD committing acts violating the Constitutional rights of members of the African American community.

50. Syracuse operates and controls a police department with numerous members, insensitive and hostile to the African American community.

51. The SPD has had frequent instances of the use of unreasonable and excessive force against members of the African American community as well as other violations of members of that community's constitutional rights, and still, Syracuse has failed to take effective action to curtail the aforementioned behavior by its officers.

52. It is the *de facto* policy of the SPD to tolerate excessive force by its officers against members of the African American community.

53. There are frequent complaints against the SPD to Internal Affairs and to the Citizens Review Board and the SPD takes no effective action to remedy the ongoing problems delineated above of SPD officers discriminating against and beating members of the African American community even when the charges are substantiated by the Citizen's Review Board.

54. Due to the *de facto* racism within the SPD and Syracuse's tolerance thereof, plaintiff's infant suffered the harms outlined herein.

55. The individual defendants' acts caused plaintiff's infant to sustain physical injuries, pain and suffering, emotional harms and he was otherwise harmed.

56. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $1,000,000.00 (ONE MILLION) DOLLARS and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's infant's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $1,000,000.00 (ONE MILLION) DOLLARS;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial on plaintiff's first two causes of action;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 27, 2018

/ s /
FRED LICHTMACHER 513193
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
116 West 23rd Street Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To:

City of Syracuse Corporation Counsel-attorneys for defendants
233 E Washington St
Syracuse, NY 13202