UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HENRY MOORE, as Legal Guardian of
and on behalf of his son
RASHEEN MOORE,**

             **Plaintiff,**

                                                       **ANSWER TO PLAINTIFF'S
                                                     COMPLAINT**
      **v.**                                                     **Civil Action No.: 5:18-CV-0379
                                                          (GLS/ATB)**

**THE CITY OF SYRACUSE,
POLICER OFFICER J. JOHNSON,
POLICER OFFICER S. MEHLEK, and
Unidentified Syracuse Police Officers,
all sued herein in capacity as individual**

             **Defendants.**
_____

        Defendants **THE CITY OF SYRACUSE, POLICER OFFICER J. JOHNSON, POLICER OFFICER S. MEHLEK, and Unidentified Syracuse Police Officers** (collectively "Defendants"), by and through their attorney, KRISTEN E. SMITH, ESQ., CORPORATION COUNSEL OF THE CITY OF SYRACUSE, H. J. Hubert, Esq., Assistant Corporation Counsel, Of Counsel, hereby answer the Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

        1.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 1, "JURISDICTION AND VENUE," on CM/ECF numbered page 1 of 9 of the Complaint herein;

        2.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 2, "JURISDICTION AND VENUE," on CM/ECF numbered page 1 of 9 of the Complaint herein;

## PARTIES

3.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 3, "PARTIES," on CM/ECF numbered page 1 of 9 of the Complaint herein;

4.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 4, "PARTIES," on CM/ECF numbered page 2 of 9 of the Complaint herein;

5.      Defendants ADMIT the allegations contained in Number 5, "PARTIES," on CM/ECF numbered page 1 of 9 of the Complaint herein;

6.      Defendants **DENY IN THE FOR STATED** the allegations contained in Number 6, "PARTIES," on CM/ECF numbered page 1 of 9 of the Complaint herein;

7.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 7, "PARTIES," on CM/ECF numbered page 2 of 9 of the Complaint herein;

8.      Defendants **DENY** the allegations contained in Number 8, "PARTIES," on CM/ECF numbered page 1 of 9 of the Complaint herein;

9.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 9, "PARTIES," on CM/ECF numbered page 2 of 9 of the Complaint herein;

10.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Number 10, "PARTIES," on CM/ECF numbered page 2 of 9 of the Complaint herein;

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

11. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Numbers 11 through 31, "FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF," on CM/ECF numbered page 3 of 9 of the Complaint herein;

12. Defendants **DENY** the allegations contained in Number 32, "FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF," on CM/ECF numbered page 4 of 9 of the Complaint herein;

13. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Numbers 33 and 34, "FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF," on CM/ECF numbered page 4 of 9 of the Complaint herein;

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF EXCESSIVE FORCE IN VIOLATION OF THE 4TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

14. Defendants **DENY** the allegations contained in Numbers 35 through 41, "FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEEN AMENDMENT TO THE UNITED STATES CONSITUTION," on CM/ECF numbered page 4 of 9 of the Complaint herein;

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FAILURE TO INTERVENE IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

15. Defendants **DENY** the allegations contained in Numbers 42 through 46, "SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FAILURE TO INTERVENE IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION," on CM/ECF numbered page 6 of 9 of the Complaint herein;

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT SYRACUSE i.e., MONELL CLAIM**

16. Defendants **DENY** the allegations contained in Numbers 47 through 56, "THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT SYRACUSE i.e., MONELL CLAIM," on CM/ECF numbered pages 6 through 9 of the Complaint herein;

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**

**DEFENDANTS ALLEGE AS FOLLOWS:**

17. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendants;

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

18. Some or all of the Plaintiff's claims for compensatory and punitive damages are barred by applicable state and federal law;

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

19. Plaintiff has failed to state a claim upon which relief may be granted; any claims for punitive damages violate provisions of the Constitution of the United States and the State of New York;

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

20. To the extent that the Plaintiff seeks punitive or exemplary damages within his Amended Complaint against the individual Defendants in their official capacity, such claims should be dismissed as improper;

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

21. Plaintiff has failed to state a cause of action upon which relief may be granted;

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

22. Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action;

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

23. Some or all of Plaintiff's claims are barred by the applicable statute of limitations;

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

24. Some or all of Plaintiff's causes of action are barred by his failure to comply with §§50-e, 50-h and 50-i of the GENERAL MUNICIPAL LAW, and/or the Syracuse City Charter § 8-115;

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

25. To the extent Plaintiff has failed to mitigate his damages, his claims for damages are diminished or barred;

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

26. Some or all of the damages alleged in the Amended Complaint are barred and/or subject to the qualifications and limitations of the provisions of Section 4545 of the CPLR;

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

27. Some or all of the Plaintiff's claims are barred because the Plaintiff failed to exhaust

his administrative remedies and/or met conditions precedent to the commencement of this action as required by law;

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

28. Any and all acts of Defendants and any agents or employees of the City were justified and in accordance with the law;

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

29. Any alleged violation of Plaintiff's US or New York State Constitutional rights was not the proximate cause of Plaintiff's injuries and/or damages;

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

30. Any actions done by Defendants as agents of the City in arresting and detaining Plaintiff were done in good faith, with probable cause, and without malice;

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

31. Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendants in the alleged constitutional violations;

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

32. Any force or methods used by Defendants were privileged, reasonable, and necessary;

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

33. Defendants acted at all times with probable cause in any alleged search and seizure of Plaintiff's person and property;

34. Furthermore, Defendants at all times acted reasonably and legally, under the U.S. Constitution and New York State Constitution, in any alleged search and seizure of Plaintiff's person and property;

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

35. Upon information and belief, Plaintiff has waived any and claims related to the legality of any alleged search and/or seizure of his person and property;

36. Furthermore, upon information and belief, Plaintiff litigated all matters related to the legality of any alleged search and/or seizure of his person and property, and is, therefore, is barred from bringing all such related claims in this action;

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

37. At all times relevant to this action, all acts of Defendants were justified and in accordance with the discharge of their lawful responsibilities;

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

38. Upon information and belief, the Amended Complaint fails to state specific acts of conduct attributable to the Defendants that gives rise to liability pursuant to 42 U.S.C. §1983;

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

39. Plaintiffs' injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendants;

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

40. Upon information and belief, if Plaintiff obtains any recovery in this action against the Defendants, such recovery and liability against the Defendants should be limited pursuant to

Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any;

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

41. Upon information and belief, Plaintiff may have, or might in the future, reach agreements and/or settlement with other nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to the Defendants at which time the Defendants will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108;

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

42. If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third party acting outside the scope of his employment;

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

43. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse are protected by qualified immunity;

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

44. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse are protected by absolute immunity;

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

45. Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiff's state and/or federally protected rights,

or the general public's rights and safety;

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

46. Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous;

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

47. Demand is made for a jury trial on all issues;

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

48. Plaintiff has failed to name or join a necessary or indispensable party without whom relief may not be granted;

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

49. The Court has not obtained personal jurisdiction over each Defendant named in this action because Plaintiff failed to effectuate personal service of the Summons and Amended Complaint;

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

50. Plaintiff's action is barred by res judicata and/or collateral estoppel;

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

51. Upon information and belief, Defendants' actions were in the course of their duties were justified and in accordance with the law and not for any retaliatory and/or retributive purpose, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff;

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

52. Upon information and belief, investigation and arrest of Plaintiff was made irrespective of race, color, gender, age, or any other protected classification of Plaintiff, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff;

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

53. If Plaintiff sustained any damages as alleged in the Amended Complaint through any acts or omissions other than those of Plaintiff, such damages were caused solely by the negligence and/or culpable conduct of a third person or persons over whom the Defendants had no control and without negligence and/or culpable conduct on the part of the Defendants;

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

54. If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third person or persons acting outside the scope of his or her employment;

**AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

55. Plaintiff's own negligent and/or culpable conduct was the actual and proximate cause of Plaintiff's alleged injuries and/or damages;

**AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

56. Plaintiff's claims are barred to the extent that Plaintiff's injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors;

**AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

57. Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendant in the alleged constitutional violations;

**AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

58. Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action;

**AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

59. The Amended Complaint fails to allege the existence of a custom, policy or procedure of the municipal defendant which give rise to liability pursuant to 42 U.S.C. §1983;

**AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

60. Defendants do not maintain a policy, custom or practice that allegedly violated Plaintiff's civil rights;

**AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

61. Plaintiff has not stated an improper custom, policy, or practice of Defendants;

62. Plaintiff has not named proper and/or necessary parties in order to sustain a claim of any alleged improper custom, policy, or practice of Defendants;

**AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

63. Defendants reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case;

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint with costs, disbursements, attorney's fees and for such other and further relief as to the Court may deem just and proper.

Dated: July 31, 2018                 KRISTEN E. SMITH, ESQ.
                                                         CORPORATION COUNSEL
                                                         OF THE CITY OF SYRACUSE

                                                         By:     s/
                                                         H. J. Hubert, Esq.
                                                         Assistant Corporation Counsel
                                                         Bar Roll No. 505381
                                                         *Attorney for Defendants*
                                                         300 City Hall
                                                         Syracuse, New York 13202
                                                         Tel: (315) 448-8400
                                                         Fax: (315) 448-8381
                                                         Email: hhubert@syrgov.net

TO:    FRED LICHTMACHER 513193
          The Law Office of Fred Lichtmacher P.C.
          *Attorney for Plaintiff*
          116 West 23rd Street Suite 500
          New York, New York 10011
          Tel. No. (212) 922-9066