UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY MOORE, as Legal Guardian of and
on behalf of his son RASHEEN MOORE

                      Plaintiff,

                                            **REPLY MEMORANDUM**
                                            **OF LAW**
       v.                                       Civil Action No.: 5:18-CV-00379
                                               (GLS/ATB)

THE CITY OF SYRACUSE, SYRACUSE POLICE
OFFICERS J. JOHNSON, S. MEHLEK AND
UNIDENTIFIED SYRACUSE POLICE OFFICERS,

                      Defendants.
_____

       Defendants, by their attorney, Kristen E. Smith, Esq., Corporation Counsel of the City of Syracuse, and Assistant Corporation Counsel, Khalid Bashjawish, Esq. submit this reply in further support of the defendants' motion for an Order pursuant to 12(c) of the Federal Rules of Civil Procedure dismissing the *Monell* claim, as well as the City of Syracuse from the action, and for such other and further relief as the Court deems just and proper.

**ARGUMENT**

**POINT I**

**PLAINTIFF MISSTATES THE STANDARD OF REVIEW FOR A MOTION PURSUANT TO RULE 12(C) AND THE MOTION SHOULD NOT BE CONVERTED TO ONE FOR SUMMARY JUDGMENT PURSUANT TO 12(D)**

       The parties agree that "'[i]n deciding a Rule 12(c) motion, [the Court applies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in

1

the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).  However, plaintiff suggests throughout his opposition papers that the complaint cannot be dismissed unless it appears "beyond doubt" that "no set of facts" would entitle plaintiff to relief. *See generally* Dkt. No. 24; *see also id.* at 1 and 6 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). This is an incorrect statement of the standard that applies to motions to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *Jones v. Dep't of Educ.*, 2007 WL 2713343, *2 n.2 (E.D.N.Y. Sept. 13, 2007) (citing *McCrary v. Cty. of Nassau*, 493 F.Supp.2d 581 (E.D.N.Y. 2007)); *see also Ortiz v. Wagstaff*, 2017 U.S. Dist. LEXIS 206054 (W.D.N.Y. Dec. 13, 2017) (observing that *Bell Atlantic* rejected the "longstanding precedent of *Conley*").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007), the Supreme Court effectively overruled the "no set of facts" standard articulated in *Conley*, noting that the "phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Bell Atlantic*, 550 U.S. at 563 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *see also Citizens United v. Schneiderman*, No. 14-CV-3703, 2016 WL 4521627, at *2 (S.D.N.Y. Aug. 29, 2016) ("*Conley* no longer states the applicable law: The modern 'plausibility' standard has governed motions to dismiss pleadings in federal court since 2007.").

At the same time, plaintiff also asserts that defendants failed to demonstrate that there are no disputed material facts.  Dkt. No. 24, at Point III.  Although the Court is permitted to convert a motion pursuant Rule 12(c) to a motion for summary judgment pursuant to Rule 56, it may only do so when the "motion presents matters outside the pleadings." *Parada v. Banco Industrial*

*De Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014). In moving for judgment on the pleadings, *see* Dkt. No. 19, defendants have not presented the Court with any matters outside of the pleadings and there is no basis to convert the motion.[1]

Accordingly, it is respectfully submitted that for the reasons that follow, plaintiff's conclusory, boilerplate allegations are insufficient and cannot survive the instant motion to dismiss.

## POINT II

### PLAINTIFF'S *MONELL* CLAIM IS INSUFFICIENTLY PLED AND FAILS TO MAKE OUT A PLAUSIBLE CLAIM FOR RELIEF

Plaintiff is correct that Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Dkt. No. 24 at 2. Although detailed factual allegations are not required, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *See Falso v. Ablest Staffing Services*, 328 F. App'x. 54, 54 (2d Cir. 2009). Instead, Rule 8(a)(2) "calls for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[1] As Chief Judge Suddaby recently observed:

> "when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *Doe v. Zucker*, 1:17-CV-1005 (GTS/CFH), 2018 WL 3520422, *14 (N.D.N.Y. Jul. 20, 2018) (citing *L-7 Designs, Inc.v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011)).

*Id.* (internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570. "A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Dellatte v. Great Neck Union Free Sch. Dist.*, 448 F. App'x. 164, 165 (2d Cir. 2012) (internal quotation marks omitted).

A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. As a result, "[t]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Stein v. Johnson City School Dist.*, 2013 WL 5563987 (N.D.N.Y. Oct. 7, 2013) (internal quotation marks omitted); *see Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Cuevas v. City of New York*, 2009 WL 4773033, *4 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right."). "Some degree of specificity is required in the pleading of a custom or policy on the part of a municipality." *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1530 (D. Conn. 1984). Moreover, a plaintiff must also demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation," which was the moving force behind the constitutional tort. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

When these principles are applied to the complaint, it is apparent that plaintiff's *Monell* claim must be dismissed. Plaintiff's complaint is utterly devoid of any factual allegations that could demonstrate that the alleged deprivation of his constitutional rights resulted from a municipal custom or policy of the City. The complaint tenders little more than naked assertions

devoid of any further factual enhancement. *See Dellatte*, 448 F .App'x. at 165. It is respectfully submitted that plaintiff's threadbare recitations fail to pass muster under *Iqbal* or *Twombly*. While plaintiff pleads that a *de facto* policy exists, he fails to provide any factual support that could plausibly support his allegations. *See* Dkt. No. 1.

In opposition to defendants' motion, plaintiff re-asserts his conclusory allegations regarding "frequent complaints against the SPD to Internal Affairs and to the Citizens Review Board" and that the SPD takes "no effective action" *Compare* Dkt. No. 24, at 6 and 7 *with* Dkt. No. 1, ¶ 53.  Yet, plaintiff has not alleged any other *specific* instances of misconduct as part of an overall pattern.  As result, because plaintiff's bald allegations are merely conclusory and without any sort of factual support, they "must be disregarded" by the Court. *See Simms v. City of New York*, 2011 WL 4543051, *3 (E.D.N.Y. Sept.28, 2011) (dismissing conclusory allegations that did not provide any facts that would allow the court to infer what city policies or practices led to the alleged deficiency), *aff'd*, 480 F. App'x 627 (2d Cir. 2012).  Plaintiff's complaint merely recites "boilerplate statements," which are clearly inadequate to state a claim of municipal liability.  *Duncan v. City of New York*, 2012 WL 1672929, at *3 (E.D.N.Y. May 14, 2012).

Plaintiff's reliance on the complaint filed in connection with *Tennyson v. City of Syracuse, et. al.*, 5:16-cv-00929-NAM-ATB is similarly misplaced. Dkt. No. 24 at Point II. The incident in *Tennyson* occurred in the City of Syracuse on June 19, 2016—more than two months after the incident underlying the instant matter. *See* Dkt. No. 1, ¶ 11 (March 30, 2016); *see Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (concluding that post-dated cases "were insufficient to make a plausible case for *Monell*").

In addition, the mere fact that counsel raised the same conclusory, boilerplate legal conclusions in *Tennyson* is not relevant to resolution of this motion.  *Tennyson* remains pending

and has not "result[ed] in an adjudication of liability." *Walker v. City of New York*, No. 12-CV-5902, 2014 WL 1259618, at *3 (S.D.N.Y. Mar. 18, 2014); *see Green*, 96 F. Supp. 3d at 304-05; *see also Simms v. City of New York*, 480 F. App'x. 627, 630 (2d Cir. 2012) (noting that the "citation of an unrelated action" was insufficient to support an inference that the plaintiff's "injuries were caused by the City's failure to train its employees."); *Stratakos v. Nassau County*, 2016 WL 6902143, at *5 (E.D.N.Y. Nov. 23, 2016) ("Other than the Plaintiff's own conclusory assertions, there is nothing to suggest that any of these alleged incidents was factually similar to the present case"); *Jones v. City of New York*, 2016 WL 1322443, *8 (S.D.N.Y. Mar. 31, 2016) ("A list of cases may only support an allegation of widespread practice when they are combined with anecdotal evidence and other factual allegations of the alleged policy or custom." (collecting cases)); *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *7 (S.D.N.Y. Jan. 27, 2016) (noting that the "complaint is silent as to the allegations contained in these lawsuits, the timeframe of them, the outcome, the people involved, or any information that would assist the Court in identifying the suits."); *Walker v. City of New York*, 2015 WL 4254026, *8 (S.D.N.Y. July 14, 2015) (concluding that the plaintiff failed to allege a policy "by merely listing the names of numerous lawsuits, without indicating whether they resulted in a finding of liability against the Officers or the City or providing any specific details about the cases."); *Kucharczyk v. Westchester County*, 95 F. Supp. 3d 529, 543 (S.D.N.Y. 2015) ("The mere assertion that there are other cases pending that allege the same facts is conclusory, and therefore must be disregarded."); *Walker v. City of New York*, 2014 WL 1259618,*3 (S.D.N.Y. Mar. 18, 2014) (concluding that the "number of complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a *Monell* claim"); *Araujo v. City of New York*, 2010

WL 1049583 (E.D.N.Y. Mar. 19, 2010) ("Plaintiff's allegation that the Municipal Defendants acted pursuant to '*de facto* policies, practices, customs, and usages', without any facts suggesting the existence of the same, are plainly insufficient to state a Section 1983 claim against the Municipal Defendants"); *see also Strauss v. City of Chicago*, 760 F.2d 765, 768-769 (7th Cir. 1985) (noting that the number of complaints filed, without more, "indicates nothing" because "[p]eople may file a complaint for many reasons, or for no reason at all.").

It is respectfully submitted that plaintiff's conclusory allegations fail to support the notion that the City maintains a *de facto* policy or that Chief Fowler was deliberately indifferent. Without any further factual enhancement, Plaintiff's "boilerplate statements" are wholly inadequate to state a claim of municipal liability under *Monell*. *Duncan v. City of New York*, 2012 WL 1672929, *3 (E.D.N.Y. May 14, 2012).

## CONCLUSION

For the reasons that were previously outlined, *see* Dkt. No. 19, as well as those reasons stated above, the City Defendants respectfully request an Order pursuant to 12(c) of the Federal Rules of Civil Procedure dismissing Plaintiff's *Monell* claim against the City and further relief as the Court deems just and proper.

Dated:  September 24, 2018
        Syracuse, New York

Respectfully submitted,

Kristen E. Smith, Esq.
Corporation Counsel – City of Syracuse

_____s/_____
By:     Khalid Bashjawish, Esq.
Assistant Corporation Counsel
Bar Roll No.: 700095
*Attorney for Defendants*
300 City Hall
233 E. Washington Street

Syracuse, New York 13202

To:   Fred Lichtmacher, Esq.
      The Law Office of Fred Lichtmacher, P.C.
      *Attorney for Plaintiff*
      116 West 23rd Street, Suite 500
      New York, New York 10011